# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAJA MCDONALD,<br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES POSTAL SERVICE<br>and NATIONAL ASSOCIATION OF<br>LETTER CARRIERS, BRANCH 11,<br>　　　　Defendants. | No. 22-cv-07314<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendant's motion to dismiss [55] is granted. The amended complaint is dismissed with prejudice. Civil case terminated.

## STATEMENT

The following facts are taken from the plaintiff's amended complaint. The plaintiff worked for the United States Postal Service as a city carrier assistant. (R. 48 ¶ 12.) A collective bargaining agreement between USPS and the plaintiff's union, NALC, covered the plaintiff. (R. 48 ¶¶ 12, 14, and 16.) The USPS repeatedly breached that agreement between 2019 and 2021. (*See id.*, *generally*.) Though the plaintiff reported those breaches to her union, the union failed to enforce the agreement by not filing and prosecuting grievances on the plaintiff's behalf. (*See id.*, *generally*.) In December 2021, the plaintiff's union stopped updating the plaintiff about the plaintiff's grievances. (*See id.* ¶145.)

One year later, the plaintiff filed her initial complaint in this case. (R. 1.) The Court dismissed the original complaint because all of the plaintiff's claims were either barred by Federal Rule of Civil Procedure 12(b)(1) or fail to state a claim under Rule 12(b)(6). (R. 47.) The plaintiff filed her amended complaint the following month. (R. 48.)

The defendant has moved to dismiss the complaint for failure to state a claim and because the claims are time-barred. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). Under Rule 8, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swanson v. Citibank, N.A.*, 614 F.3d

400, 404 (7th Cir. 2010) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary," *id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)); rather, the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and raise the right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The amended complaint is long and detailed. As the plaintiff tells it, she received the runaround from the union that was supposed to hold her employer accountable for violations of the CBA. The plaintiff's hybrid claim requires two elements: (1) that the union breached its duty of fair representation in failing to file and prosecute grievances concerning the employer's breach of a collective bargaining agreement; and (2) that the employer breached the agreement. *DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 164-65 (1983); *Fuqua v. U.S. Postal Service*, 645 F. App'x 519, 522-23 (7th Cir. 2016). Here, the plaintiff alleges both. For example, the plaintiff alleges that the "USPS continued to violate the Collective Bargaining Agreement in 2020 by placing the Plaintiff" in a non-pay status. (R. 48 ¶ 49.) Throughout the amended complaint, the plaintiff includes several instances where she notified her union of alleged violations of the CBA by the USPS but the union took no action or insufficient action on the plaintiff's behalf.

While the union provided responses to many of the plaintiff's inquiries during this two-year period, that came to an end in December 2021. (R. 48 at 145.) This poses a significant problem for the plaintiff. The statute of limitations for the plaintiff's claim is six months. *See Fuqua*, 645 F.App'x at 522-23; *DelCostello*, 462 U.S. at 172; *Martin v. Youngstown Sheet & Tube Co.*, 911 F.2d 1239, 1246 (7th Cir. 1990). The six-month "clock starts running when the employee knows or should have known that 'no further action would be taken on his grievance.'" *Fuqua*, 645 F. App'x at 522 (quoting *Moultrie v. Penn Aluminum Int'l, LLC*, 766 F.3d 747, 751-52 (7th Cir. 2014) (quoting *Chapple v. Nat'l Starch & Chem. Co. & Oil*, 178 F.3d 501, 505 (7th Cir. 1999))). The plaintiff did not bring her suit until more than a year after her union last updated her in December 2021. That is outside of the statute of limitations. Therefore, the plaintiff's claims are time-barred.

Because the claims set forth in the amended complaint are time-barred, and because the Court previously granted the plaintiff leave to amend her complaint following dismissal, the Court finds that further amendment would be futile. Accordingly, the complaint is dismissed with prejudice.

Date: November 19, 2024

JEREMY C. DANIEL
United States District Judge